IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABIGAIL FONSECA, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:22-CV-3276-C-BK |
| § | |
| OFFICER THOMAS, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

On August 22, 2022, the Court severed Case No. 3:22-CV-1351-C-BK into 30 individual civil rights lawsuits. Doc. 11 at 3-4. Also, the Court advised each Plaintiff that, insofar as she sought to proceed with a civil action, she needed to file a complaint on the court-approved form along with filing and administrative fees of $402.00 or a request to proceed *in forma pauperis*. Doc. 11 at 4. *See also* N.D. TEX. MISC. ORD. 14 (requiring inmates to file civil rights complaints and motions to proceed *in forma pauperis* on the court-approved forms). The deadline for Plaintiff's response was September 15, 2022. However, Plaintiff has not responded to the Court's deficiency order, nor has she sought an extension of time to do so. She has also failed to keep the Court informed of her address change. Doc. 12 (returning to sender August 22, 2022 order).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's order. She has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on September 28, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).